UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JASON DOUMENT SCOTT,

                Plaintiff,

v.                                               CASE # 19-cv-00959

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>600 North Bailey Ave<br>Suite 1A<br>Amherst, NY 14226 | ANTHONY JOHN ROONEY, ESQ.<br>KENNETH R. HILLER, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | ANNE M. ZEIGLER, ESQ.<br>PAMELA MCKIMENS, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

**MEMORANDUM-DECISION and ORDER**

      The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **GRANTED**, defendant's motion is **DENIED,** the decision of the Commissioner is

**REVERSED**, and this matter is **REMANDED** for further administrative proceedings consistent with this order.

## I.     RELEVANT BACKGROUND

### A.     Factual Background

Plaintiff was born on October 17, 1975 and has less than a high school education. (Tr. 34, 248). Generally, plaintiff's alleged disability consists of depression and anxiety. (Tr. 56, 247). His alleged onset date of disability is August 1, 2013 and his date last insured is June 30, 2016. (Tr. 233, 243).

### B.     Procedural History

On August 12, 2015, plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. (Tr. 216-226). Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ"). On May 14, 2018, plaintiff appeared before the ALJ, Roxanne Fuller. (Tr. 27-62). On July 24, 2018, ALJ Fuller issued an unfavorable decision finding plaintiff was not disabled under the Social Security Act. (Tr. 31-50). On May 21, 2019, the Appeals Council ("AC") denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-6). Thereafter, plaintiff timely sought judicial review in this Court.

### C.     The ALJ's Decision

Generally, in her decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2016.

2. The claimant has not engaged in substantial gainful activity since August 1, 2013, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.).*

3. The claimant has the following severe impairments: depression and anxiety. (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: able to perform routine and repetitive tasks; able to perform low stress jobs, defined as having only occasional decision-making required and only occasional changes in the work setting; no interaction with the public; and only occasional interaction with co-workers and supervisors.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on October 17, 1975, and was 37 years old, which is defined as a younger individual age 18-49, on the alleged onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1534 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969 and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from August 1, 2013, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 12-26).

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff argues the ALJ erred in determining a highly specific RFC determination without the aid of a medical opinion. (Dkt. No. 10 at 8 [Plaintiff's Mem. Of Law]).

### B. Defendant's Arguments

In response, defendant broadly argues the RFC is supported by substantial evidence. (Dkt. No. 12 at 11 [Defendant's Mem. of Law]).

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where

evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.      Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

IV.     ANALYSIS

The RFC is an assessment of "the most [plaintiff] can still do despite [his] limitations." 20 C.F.R. § 416.945(a)(1)[1]. The ALJ is responsible for assessing plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what plaintiff can still do, provided by any medical sources. *Id*. §§ 416.927(d), 416.945(a)(3), 416.946(c). In this case, the record contains no medical source opinions, nor do treatment notations contain specific statements regarding plaintiff's ability to perform work related mental requirements. In addition, there is no evidence plaintiff was scheduled for consultative examinations by the ALJ. No treating source provided a medical source statement. The record consists of medical treatment notations from one mental health provider and a hospital stay. (Tr. 286-361). On September 11, 2015, C. Butensky, a non-examining review physician, found that there was insufficient evidence in the file to adjudicate the claim. (Tr. 283-285). The ALJ accordingly granted the opinion little weight. (Tr. 23-24).

Plaintiff asserts the ALJ failed to properly assess his mental RFC because the ALJ made a determination without medical expert guidance. (Dkt. No. 10 at 8). Defendant counters there was sufficient evidence for the ALJ to determine plaintiff was able to perform work-related activities. (Dkt. No. 12 at 12).

Contrary to plaintiff's assertion, an ALJ's RFC determination is not fatally flawed merely because it was formulated absent a medical opinion. The Second Circuit has held that a medical source statement or formal medical opinion is not required where the record contains sufficient evidence from which an ALJ can assess the plaintiff's residual functional capacity. *Monroe v.*

---

[1] Effective March 27, 2017, many of the regulations cited herein have been amended, as have Social Security Rulings ("SSRs"). Nonetheless, because Plaintiff's social security application was filed before the new regulations and SSRs went into effect, the court reviews the ALJ's decision under the earlier regulations and SSRs.

*Comm'r of Soc. Sec.,* 676 F. App'x 5, 8 (2d Cir. 2017). However, remand may be appropriate where inadequacies in the ALJ's analysis frustrate meaningful review. *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). In other words, the ALJ must explain the link between her RFC assessment and the record evidence supporting that assessment. *Paul v. Colvin*, No. 15-CV-310, 2016 WL 6275231, at *2 (W.D.N.Y. Oct. 27, 2016). Here, the ALJ failed to provide such link.

The ALJ found that the Plaintiff had the severe impairments of depression and anxiety. (Tr. 17). The RFC analysis provided a summarized medical history but made general conclusory statements that the medical evidence supported the RFC. For example, the ALJ stated that since no clinicians had expressed any overt concerns or recommended inpatient treatment, his severe mental health impairments and treating regimen would not preclude all work. (Tr. 23). Later in the decision, ALJ Fuller states "the overall record evidence supports the residual functional capacity outlined above, which is claimant favorable". (Tr. 24). She concludes, "in sum, the above residual functional capacity assessment is supported by totality of the evidence" and specifically cites conservative treatment, no overt concerns by clinicians of record, noncompliance with treatment recommendations, reported activities, and inconsistencies in plaintiff's statements with the record evidence. (Tr. 24).

The ALJ discussed the specific limitations from the RFC but only in the context of the listings and severity as part of the psychiatric review technique at step three of the sequential evaluation. (Tr. 18). This was improper. When there are mental impairments alleged, in addition to the typical five-step analysis outlined in 20 C.F.R. § 404.1520, the ALJ must apply a "special technique" at the second and third steps to evaluate alleged mental impairments. *See Kohler v. Astrue,* 546 F.3d 260, 265 (2d Cir.2008). The regulations are clear that the limitations identified in the "paragraph B" and "paragraph C" criteria are not an RFC assessment but are used to rate the

severity of mental impairments at steps 2 and 3 of the sequential evaluation process. SSR 96-8p, 1996 WL 374184, at *4.

Additionally, non-compliance with mental health treatment does not provide substantial evidence to support an RFC but rather is a factor in evaluating a plaintiff's subjective complaints. SSR 96-7p (S.S.A. July 2, 1996) ("the individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure"). A plaintiff's subjective complaints comprise an important factor in assessing plaintiff's overall RFC. However, non-compliance, in and of itself, cannot constitute substantial evidence to support an RFC because non-compliance provides no insight into a plaintiff's ability to perform the basic demands of work. The ALJ appears to infer that non-compliance equates to no limitations; however, such an inference is improper. *See Jimmerson v. Berryhill*, 243 F. Supp. 3d 384, 391 (2017) (collecting cases) (ALJ's are cautioned not to draw negative inferences from non-compliance with treatment involving mental health impairments).

Further, the ALJ states more than once that no overt concerns by clinicians of record supports the RFC findings. (Tr. 23-24). A treating doctor's silence on the plaintiff's work capacity does not constitute substantial evidence supporting an ALJ's functional capacity determination when the doctor was not asked to express an opinion on the matter. *Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001). There is no evidence that the ALJ sought an opinion from a treating source. Also, there is no evidence that the Administration ordered a consultative examination as allowed by the Regulations. *See* 20 C.F.R. §§ 404.1519, 416.919; *see also* 20 C.F.R. §§ 404.1517, 416.916. To be sure, Regulations provide that a treating source will be the preferred source for a

consultative examination, but an ALJ may order a consultative examination when the record is not sufficient to render a decision on the plaintiff's disability. *See* 20 C.F.R. §§ 404.1517, 416.917.

Although the burden is on plaintiff at step four, and it is not fatal for an RFC to be formulated without a medical source statement, here the ALJ's decision lacked an analysis of how the evidence supported the RFC finding. The ALJ was aware there was insufficient evidence for the State agency reviewing psychological consultant (Dr. Butensky) to adjudicate the claim, yet ALJ Fuller found there was sufficient information from just one hospital admission and mental health treatment records to make a detailed RFC determination. (Tr. 54). An ALJ must conduct a distinct analysis that would permit adequate review on appeal, and each of the ALJ's conclusions must be supported by relevant medical evidence. *Aung Winn v. Colvin*, 541 Fed. Appx. 67, 70 (2d Cir. 2013). When an ALJ does not connect the record evidence and RFC findings or otherwise explain how the record evidence supported her RFC findings, the decision leaves the court with unanswered questions and does not afford an adequate basis for meaningful judicial review." *Gorny v. Comm'r of Soc, Sec.*, 2018 WL 5489573, at \*4 (W.D.N.Y. Oct. 29, 2018). Given the multiple mental impairments of anxiety and depression, the ALJ is not presented with a situation where they can render a common sense judgment about functional capacity without the aid of a physician's assessment. *Ellersick v. Berryhill*, 2017 WL 6492519 at \*4 (W.D.N.Y. 2017). The leeway given to ALJ's to make common sense judgments regarding the plaintiff's capacity does not extend to mental impairments, which are naturally complex and individualized. *Lilley v. Berryhill,* 307 F.Supp.3d 157, 160-161 (W.D.N.Y. 2018). Remand is necessary for a proper RFC analysis and determination.

**ACCORDINGLY, it is**

**ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 8) is

**GRANTED**; and it is further

**ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 12) is **DENIED**; and it is further

**ORDERED** that this matter is **REMANDED** pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: October 22, 2020                                                  *J. Gregory Wehrman*   *J.G.W.*

Rochester, New York                                                     HON. J. Gregory Wehrman
                                                                        United States Magistrate Judge